UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: Dorsie Wayne Mosher, Jr., <br><br>　　　　Debtor(s). <br><br>William T. Neary, <br><br>United States Trustee, <br><br>　　Plaintiff, <br><br>v. <br><br>Dorsie Wayne Mosher, Jr., <br><br>　　Defendant. | Bankruptcy No. 06-B-71261 <br> Adversary No. 07-A-96013 <br> Chapter 7 <br> Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to compel filed by plaintiff William T. Neary, United States Trustee for the Northern District of Illinois, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37, on November 25, 2008. For the reasons set forth herein, the Court denies Plaintiff's motion to compel.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(J).

## FACTS AND BACKGROUND

On July 21, 2006, defendant – debtor Dorsie Wayne Mosher, Jr. ("Debtor"), acting pro se, filed a voluntary Chapter 7 bankruptcy petition. The 341 meeting of creditors was held on August 31, 2006. The Chapter 7 Trustee filed a no asset report on September 7, 2006. On October 20, 2006, Plaintiff filed a motion to conduct Debtor's Rule 2004 examination. Plaintiff

filed an amended Rule 2004 motion on November 2, 2006, and, on November 15, 2006, the Court granted Plaintiff's motion for Rule 2004.

On February 23, 2007, Plaintiff filed adversary complaint number 07-AP-96013 against Debtor to object to discharge in seven counts, pursuant to 11 U.S.C. § 727(a)(2), (3), (4). Debtor through counsel filed an initial answer that generally denied the adversary complaint on March 21, 2007. On March 22, 2007, Debtor filed an amended answer to deny all seven counts in the adversary complaint. In April 2007, Plaintiff initially served Debtor with five interrogatories and seventeen requests to produce. Debtor answered this discovery. On May 10, 2007, Debtor's attorney Kenneth Ritz filed a motion to withdraw, and, on May 17, 2007, the Court granted Ritz's motion to withdraw as attorney. Attorney George P. Hampilos filed an appearance for Debtor on July 17, 2007. On November 28, 2007, Debtor filed an amended answer to the adversary complaint. On November 30, 2007, Plaintiff filed a motion to strike Debtor's November 28, 2007 amended answer, and, on December 17, 2007, the Court granted Plaintiff's motion to strike Debtor's amended answer. On January 17, 2008, pursuant to the Court's order, Debtor filed a second amended answer to the adversary complaint. In February 2008, Plaintiff served Debtor with thirty-three interrogatories. Debtor answered this discovery. In April 2008, Debtor responded to Plaintiff's second requests to produce. On May 23, 2008, Plaintiff took Debtor's Rule 2004 deposition. On July 14, 2008, Plaintiff filed a motion to amend its complaint, and, on August 27, 2008, the Court granted Plaintiff's motion to amend the complaint. On October 22, 2008, Plaintiff filed an amended complaint against Debtor to object to discharge in seven counts, pursuant to 11 U.S.C. § 727(a)(2), (4). On October 23, 2008, Debtor filed an answer to Plaintiff's amended complaint.

On October 24, 2008, Plaintiff served Debtor with requests for admissions. On the same

date, Plaintiff served Debtor with interrogatories and the third requests for production to obtain the factual basis for any denials of the requests for admissions. In a letter dated October 30, 2008, Debtor's attorney Hampilos responded that Debtor would not answer the interrogatories or requests for production because "the requests are unduly burdensome and [Plaintiff is] essentially attempting to litigate [its] case through the discovery process." After email communications on November 3, 2008, the parties were unable to resolve the discovery dispute. On November 19, 2005, Debtor admitted request numbers 1, 3, 6, 12 and 13 and submitted brief explanations for his failure to admit numbers 2, 4-5, 7-11, and 14-18. On November 25, 2008, Plaintiff, pursuant to Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37, filed a motion to compel Debtor to respond to Plaintiff's third set of production of documents.

On December 19, 2008, Debtor filed a response to Plaintiff's motion to compel. Debtor asserts that, if Plaintiff takes issue with Debtor's answers to discovery, then Plaintiff may move the court to determine the sufficiency of the answers through Fed. R. Civ. P. 36. Moreover, in light of Plaintiff's three sets of interrogatories, requests to produce and requests for admissions, Debtor argues that Fed. R. Civ. P. 26(b)(2) empowers the court to limit the scope of discovery since the discovery sought is unreasonably burdensome, cumulative or duplicative, citing Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002).

On January 5, 2009, Plaintiff filed a reply to Debtor's response to the motion to compel. Plaintiff asserts that Debtor's answers to Plaintiff's request to admit were adequate, and, thus, unlike Debtor's assertions in its response, Plaintiff does not seek a determination of its sufficiency under Fed. R. Civ. P. 36. Instead, Plaintiff argues that Debtor failed to properly answer Plaintiff's requests for production, pursuant to Fed. R. Civ. P. 34 as incorporated into Fed. R. Bankr. P. 7034. Moreover, Plaintiff contends that Debtor does not demonstrate why the

discovery requests are unreasonably burdensome, citing Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004). Furthermore, Plaintiff argues, under the totality of the circumstances, that the truth-seeking function of civil discovery outweighs Debtor's burden to respond to Plaintiff's requests for production, citing Patterson, supra, 281 F.3d at 681.

## DISCUSSION

Courts have broad discretion in matters that relate to discovery. Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002). "While discovery is often broad, the Federal Rules of Civil Procedure authorize . . . courts to protect targets of discovery from 'annoyance, embarrassment, oppression, or undue burden or expense.'" Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 412 (N.D. Ill. 2007) (quoting Stagman v. Ryan, 176 F.3d 986, 993 (7th Cir. 1999)); Fed. R. Civ. P. 26(c)); see also Sullivan v. Conway, No. 93 C 4947, 1995 WL 573421, *1 (N.D. Ill. Sept. 27, 1995) (recognizing that the policy of broad discovery is counterbalanced by the ability to limit discovery requests that impose undue burden or expense). A court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit. NWI-I, Inc., supra, 240 F.R.D. at 412 (citing Fed. R. Civ. P. 26(b)(2)(iii); Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 571 (N.D. Ill. 2004)). To make such a determination, the courts utilize the proportionality test of Rule 26(b)(2)(iii): the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. NWI-I, Inc., supra, 240 F.R.D. at 412 (citing Fed. R. Civ. P. 26(b)(2)(iii)). This protects the parties from unduly burdensome or expensive discovery requests. Ibid.

Rule 36(a) of the Federal Rules of Civil Procedure, incorporated through Federal Rule of Bankruptcy Procedure 7036, provides that a party must answer each matter for which an

admission is requested within thirty days or the matter is deemed admitted. In re Silverman, No. 98 A 02064, 1999 WL 326328, at *5 (Bankr. N.D. Ill. May 18, 1999) (citing Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36 (a), (b)). Moreover, a party served with a request for admission cannot deny the requested facts for lack of knowledge, unless it states how it has made a reasonable inquiry into the matter. Brown v. Overhead Door Corp., No. 06 C 50107, 2008 WL 4614299, at *2 (N.D. Ill. Oct. 16, 2008) (citing Fed. R. Bankr. P. 7036); In re Randy, 189 B.R. 425, 434 (Bankr. N.D. Ill. 1995). The purpose of Rule 36 is to eliminate the necessity of proving uncontroverted facts, not to discover what the facts are. In re Sziel, 209 B.R. 712, 713 (Bankr. N.D. Ill. 1997) (citing 8A Wright, Miller, Marcus, Federal Practice and Procedure §§ 2252 ("Its function is to define and limit the matters in controversy between the parties."), 2253 ("Strictly speaking Rule 36 is not a discovery procedure at all.")).

Specifically, Fed. R. Civ. P. 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

See also Brown, supra, No. 06 C 50107, 2008 WL 4614299, at *2. Reasonability depends on the facts of the particular case, requires an investigation and inquiry of the applicable parties who may have relevant information, and an answering party may consult third parties to furnish the necessary and appropriate response. Ibid.

Accordingly, a party may file a motion regarding the sufficiency of the opposing party's answer, pursuant to Fed. R. Civ. P. 36(a)(6), which provides, in relevant part:

The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

In contrast, Fed. R. Civ. P. 34 provides that a party may serve another party a request within the scope of Rule 26(b), in pertinent part:

> (a) In General. . . . :
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information-- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
> (B) any designated tangible things; or
> (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.
> (b) Procedure.
> . . . .
> (2) Responses and Objections.
> . . . .
> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii) A party need not produce the same electronically stored information in more than one form.

Bankruptcy Rule 7037 makes Federal Rule of Civil Procedure 37 applicable to the proceedings. In re Mapson, 93 B.R. 161, 167 (Bankr. C.D. Ill. 1988) (citing Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37). The bankruptcy court may impose sanctions pursuant to Rule 37(c)

6 of 8

for failure to comply with discovery orders. Ibid.

Here, despite Plaintiff's assertions, Fed. R. Civ. P. 34 is the not the proper vehicle to obtain the factual basis for any denials of the Fed. R. Civ. P. 36 requests for admissions. On October 24, 2008, pursuant to Fed. R. Civ. P. 36, Plaintiff served Debtor with requests for admissions. On the same date, pursuant to Fed. R. Civ. P. 34, Plaintiff served Debtor with interrogatories and the third requests for production to obtain the factual basis for any denials of the requests for admissions. In a letter dated October 30, 2008, Debtor's counsel objected to Plaintiff's third requests for production, asserted that the discovery was "unduly burdensome," and further indicated that he was not aware of any "statutory or case law authority which allows [Plaintiff] to conduct discovery on top of Requests to Admit." Accordingly, on November 25, 2008, Plaintiff, pursuant to Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37, filed a motion to compel Debtor to respond to Plaintiff's third set of production of documents to obtain the factual basis for any denials of the requests for admissions. Debtor did not answer Plaintiff's third requests for production. Instead, in some of Debtor's answers to Plaintiff's request for admissions, including requests numbered 2, 4-5, 7-11, and 14-18, Debtor briefly explained a lack of knowledge or information as a reason for failing to admit or deny. Pursuant to Fed. R. Civ. P. 36(a)(4), Debtor may assert a lack of knowledge or information as a reason for failing to admit or deny only if Debtor states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Brown, supra, No. 06 C 50107, 2008 WL 4614299, at *2. In light of the circumstances, Plaintiff may file a motion regarding the sufficiency of the Debtor's answer to the requests for admission, pursuant to Fed. R. Civ. P. 36(a)(6). At this juncture, however, sanctions, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37, are not appropriate.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to compel.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: February 11, 2009

_____
The Hon. Manuel Barbosa
United States Bankruptcy Judge